IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TODD ROBERT BRIGGS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-07-510-S-EJL |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| JOHANNA SMITH, Warden, IMSI, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus action is Respondent's Motion for

Summary Dismissal (Docket No. 10).  The Notice to Pro Se Litigants of the Summary

Judgment Rule Requirements has been sent to Petitioner (Docket No. 11).  Although the

Motion for Summary Dismissal has been pending for nearly 120 days, Petitioner has not

filed a response nor asked for an extension of time to do so.  The Court shall therefore

decide the Motion on the briefing that has been filed and the Court's review of the state

court record and the record in this case.

## BACKGROUND

Petitioner was convicted of first degree murder and two counts of aggravated

battery in the Bonneville County Court, Seventh Judicial District, in Idaho Falls, Idaho.

After conviction, he filed a direct appeal, a Rule 35 motion, and a post-conviction action,

but received no relief.  Here, Respondent argues that Petitioner filed his federal habeas corpus action after the statute of limitations expired.  This Court agrees.

## REVIEW OF MOTION FOR SUMMARY DISMISSAL

### A.    Standard of Law

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal.  Rule 4 of the Rules Governing Section 2254 Cases.  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Id.*

The Petition in this case is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996.  Under AEDPA, petitioners have a one-year statute of limitations period within which to file a federal habeas corpus petition.  The one-year period usually begins to run from the date the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]  If a direct appeal was filed with the state's highest court, the one-year statute of limitation begins to run on the expiration of the 90-day period "within which [a petitioner] could have filed a petition for a writ of certiorari from the United States Supreme Court" following direct appeal, whether or not one was filed.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999). The additional 90-day certiorari period does not apply if the petitioner failed to present his

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Thus, to the extent that a petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the time that the application was pending in state court will not count toward the one-year limitations period.

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period.  In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  *Id.* at 418. In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time.  *See Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir. 2001).

The Ninth Circuit has suggested that there may be an actual innocence exception to the one-year statute of limitations.  *See Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002) (remanding to the district court to determine whether the petitioner had established a

---

claims to the highest state court, but instead stopped pursuing his remedies at an intermediate state court, from which a petition for writ of certiorari with the United States Supreme Court could not be filed. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).  Neither does the 90-day extension period apply to post-conviction relief actions.  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

MEMORANDUM DECISION AND ORDER 3

claim of actual innocence, and if so, to next decide "what consequence such a finding has with respect to AEDPA's one-year statute of limitations"). *Majoy* indicates that district courts should first consider whether a petitioner is actually innocent before deciding if an actual innocence exception to the statute of limitation exists. *Id.* at 777-78.

**B.    Discussion**

Although Petitioner filed a direct appeal, he did not pursue his claims beyond the Idaho Court of Appeals and did not file a petition for review before the Idaho Supreme Court.  Therefore, his judgment became final on June 6, 2003, when the Idaho Court of Appeals issued its remittitur in the direct appeal.  (State's Lodging B-4.)  Petitioner's statute ran from June 6, 2003, until April 30, 2004, when he filed a state post-conviction relief action, 329 days after his federal statute of limitations period began.  (State's Lodging C-1, p. 4.)  The post-conviction action was final on July 30, 2007, when the Idaho Supreme Court issued its order denying Petitioner's petition for review in that case. (State's Lodging D-11.)  The federal statute began again on July 31, 2007, and ran untolled for the 36 additional days remaining in the one-year period.  The statute ended on September 5, 2007.  Petitioner's petition was filed several months too late, on November 29, 2007 (mailbox rule date).

Both the Court and Respondent have provided Petitioner with the proper standards of law governing equitable tolling and actual innocence.  Petitioner has elected not to brief these issues, and the Court's review of the record reveals no obvious grounds to

MEMORANDUM DECISION AND ORDER 4

apply either exception.     Because it is untimely, the Petition shall be dismissed with prejudice.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 10) is GRANTED.  Petitioner's Petition is DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Proceed in Forma Pauperis (Docket No. 1) is MOOT.

DATED:  **July 15, 2008**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER 5